IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR11-2025 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| LAWRENCE JOHNSON, | |
| Defendant. | |

On the 26th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

### RELEVANT FACTS

On April 19, 2011, Defendant Lawrence Johnson was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1), distribution of heroin after having been previously convicted of manufacture/delivery of a controlled substance (Count 11), possession of heroin with intent to distribute (Count 14), possession of a firearm during a drug crime (Count 21), and being a felon in possession of a firearm (Count 22). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. According to Furman, when other individuals involved in the alleged drug conspiracy were unable to get heroin from their main drug source, Defendant was used as an alternate source for heroin. On January 12, 2011, law enforcement purchased 10 foils of heroin

from Defendant in a controlled buy for $200. On February 15, 2011, authorities executed 17 search warrants, including a search of Defendant's residence. Law enforcement found 7 foils of heroin and a loaded handgun. Defendant was interviewed by law enforcement, and admitted purchasing the handgun "on the street" for protection.

According to the pretrial services report, Defendant is 38 years old. Defendant was born and raised in Chicago, Illinois. He moved to Waterloo, Iowa, about three years ago. Defendant is single and has never been married. He has one adult daughter from a prior relationship. His daughter resides in Chicago.

Prior to his arrest, Defendant was employed as a construction laborer with Modern Builders, Inc., in Janesville, Iowa. He began working for Modern Builders, Inc., in June 2010. He has no serious physical or mental health problems. Defendant admitted daily heroin use for the past three years, with has last use being about two weeks before his arrest.

In May 1990, at age 17, Defendant was charged and later convicted of aggravated criminal sexual assault. He was sentenced to 10 years in prison. He was paroled on July 28, 1995. On September 29, 1995, while on parole for the aggravated criminal sexual assault charge, Defendant was charged with disorderly conduct. However, that charge was stricken from the docket with leave to reinstate. In April 1997, while still on parole, Defendant was charged with criminal trespass to land. That charge was also stricken from the docket with leave to reinstate.

On September 3, 1997, while on parole for the aggravated criminal sexual assault charge, Defendant was charged and later convicted of possession of cocaine. In October 1997, Defendant's parole was revoked and he was sentenced to 2 years in prison on the new drug charge. He was paroled on June 5, 1998. On November 11, 1998, while on parole for the cocaine possession charge, Defendant was charged and later convicted of possession of crack cocaine and violation of sex offender registry. Defendant was sentenced to 14 years in prison on the possession of crack cocaine charge, and 2 years in

prison on the violation of sex registry charge. Defendant was paroled again on May 18, 2005, and his parole was discharged on May 18, 2008.

On August 10, 2009, Defendant was charged and later convicted of operating a motor vehicle while intoxicated, first offense. On February 23, 2010, while on release on bond in the OWI case, Defendant was charged and later convicted of harassing a public officer or employee. On September 18, 2010, while on probation on the OWI charge, Defendant was charged and later convicted of driving while barred. On February 20, 2011, while still on probation on the OWI charge, Defendant was charged and later convicted of interference with official acts and disorderly conduct, loud and raucous noise.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving

minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin, distribution of heroin after having been previously convicted of manufacture/delivery of a controlled substance, possession of heroin with intent to distribute, possession of a firearm during a drug crime, and being a felon in possession of a firearm, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin, distribution of heroin after having been previously convicted of manufacture/delivery of a controlled substance, possession of heroin with intent to distribute, possession of a firearm during a drug crime, and being a felon in possession of a firearm. It is difficult for the Court to weigh the evidence on the conspiracy count because Defendant apparently was not a regular participant in the alleged conspiracy, but Officer Furman testified that Defendant was an alternate source of heroin for the individuals involved in the conspiracy. On January 12, 2011, law enforcement purchased 10 foils of heroin from Defendant in a controlled buy for $200. During a search warrant

executed on Defendant's residence, law enforcement found 7 foils of heroin and a loaded handgun. With regard to the firearm charges, the weight of the evidence is strong. In addition to finding the firearm at his residence, Defendant admitted that he purchased the firearm "on the street" for protection.

The charges against Defendant are very serious. The Court is particularly concerned about Defendant's repeated failure to comply with pretrial release, parole, and probation, and his propensity to commit additional crimes while on pretrial release, parole, and probation. Additionally, Defendant is addicted to heroin and admits daily heroin use for the past three years, including up to two weeks before the date of his arrest. Even after his residence was searched on February 15, 2011, Defendant continued to regularly use heroin. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's significant criminal history, his repeated failure to comply with pretrial release, parole, and probation, his continuing use of heroin, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 21, 2011) to the filing of this Ruling (April 27, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA